IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HERBERT ANDERSON,**

        Plaintiff,

  vs.                                Civil Action 2:15-CV-2798
                                        Judge Watson
                                        Magistrate Judge King

**GARY MOHR,** *et al.*,

        Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a state inmate currently incarcerated in the Allen Oakwood Correctional Institution, filed this civil action pursuant to 42 U.S.C. § 1983, without prepayment of fees, alleging that defendants have violated his constitutional rights. This matter is now before the Court on plaintiff's *Motion for Leave to Proceed in Forma Pauperis*, ECF 1, and for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

### *Motion for Leave to Proceed in Forma Pauperis*

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a) is **GRANTED**. Plaintiff is assessed the full amount of the Court's $350.00 filing fee. 28 U.S.C. §1915(b)(1).

Plaintiff's affidavit reveals that he currently possesses an amount insufficient to pay the full filing fee. The custodian of the plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate

1

trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fees of $350.00 have been paid to the Clerk of this Court.  28 U.S.C. §1915(b)(2).  *See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the *Complaint* and a copy of this *Order and Report and Recommendation* to the Attorney General of Ohio, Criminal Justice Section, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215.

The Clerk of Court is **DIRECTED** to mail a copy of this *Order and Report and Recommendation* to the plaintiff and the prison cashier's office.  The Clerk is **FURTHER DIRECTED** to forward a copy of this *Order and Report and Recommendation* to the Court's financial office in Columbus.

**<u>Initial Screen of the *Complaint*</u>**

The *Complaint*, ECF 1-1, refers to a number of events that allegedly occurred at the Allen Oakwood Correctional Institution ("AOCI"), which is located in Allen County, Ohio, and which falls within the territorial jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.  28 U.S.C. § 115(a)(2). All defendants except defendant Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"),

2

appear to be staff employed at AOCI. As it relates to defendant Mohr, the *Complaint* alleges the following:

> Defendants Gary Mohr, Edward T. Shelton, Denise Carder and M. Giddens, the plaintiff allege they intentionally, willfully and wrongly interfered, retaliated deprived due process and access to the courts with intent to cause unnecessary delay to file meaningful effective legal documents to the courts under color of state law in violation of plaintiff's First and Sixth Amendments rights in violation of 42 USC Section 1983.

*Complaint*, ¶ 52.  *See also id*. at *Relief Requested*, pp. 23-25 (seeking declaratory judgment and monetary damages against defendant Mohr).

The *Complaint,* which does not allege any facts supporting this conclusory allegation, fails to state a claim for relief against defendant Mohr.  To the extent that plaintiff intends to base his claims against defendant Mohr on the latter's role as Director of the ODRC, the *Complaint* fails nevertheless. A supervisory official may not be held liable under 42 U.S.C. § 1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id*. (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id*. (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  The *Complaint* simply fails to allege such conduct on the part of the Director of the ODRC.

It is therefore **RECOMMENDED** that the claims asserted against defendant Mohr be dismissed for failure to state a claim upon which relief can be granted.

It is **FURTHER RECOMMENDED** that, if the claims against defendant Mohr are dismissed, this action be transferred to the United States District Court for the Northern District of Ohio, Western Division, where those claims would be properly venued. *See* 28 U.S.C. § 1391(b)(1), (b)(2).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 9, 2015                              *s/Norah McCann King*
                                                  Norah McCann King
                                           United States Magistrate Judge